UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 2:16-CR-155 JCM (CWH) |
|---|---|
| Plaintiff(s), | ORDER |
| v. | |
| JOEL KENNETH AUSBIE, | |
| Defendant(s). | |

Presently before the court is defendant Joel Ausbie's motion to dismiss. (ECF No. 133). The government filed a response (ECF No. 147), to which defendant replied (ECF No. 148).

Also before the court is defendant's motion for a new trial. (ECF No. 138). The government filed a response (ECF No. 150), to which defendant replied (ECF No. 151).

**I.   Facts**

On October 3, 2015, co-conspirator Calvin Robinson visited the shared home of defendant and Nicomi Sasser. (ECF No. 147). Robinson brought a black duffel bag containing approximately $250,000 in cash, and left it at the residence. *Id.* The next day, after a domestic dispute, Sasser fled the shared home with her youngest son and took the duffel bag. *Id.* She fled California and rented a storage locker in Buckeye, Arizona. *Id.* She placed $190,000 in the duffel bag and left it in the locker. She thereafter travelled to San Antonio, Texas. *Id.*

After realizing that the duffel bag was gone, defendant demanded the return of his money by placing phone calls and sending text messages to Sasser. *Id.* Sasser texted defendant information regarding the location of the duffel bag and the storage locker code. *Id.* Cell phone analysis shows that a phone subscribed to Robinson travelled to Buckeye, Arizona, on October 16, 2015. *Id.*

James C. Mahan
U.S. District Judge

During this time period Nicomi Sasser's father, Joseph Sasser, and stepmother, Debra Sasser, lived in a trailer-residence in Las Vegas, Nevada. *Id.* On October 20, 2015, at 1:00 am, the couple woke up to gunshots and the sound of breaking glass. *Id.* Joseph Strickland, a co-conspirator, testified that an individual known as "H.B." hired him (on behalf of defendant) to shoot a firearm into the home of Joseph and Debra Sasser. *Id.* Strickland also testified that he was instructed to throw a note into the window of the residence. *Id.* The note requested the return of the money, and stated that if it was not returned the author would kill members of Sasser's family. *Id.*

After the incident, Joseph Sasser spoke with his daughter, who told him about the money and defendant's demand that it be returned. *Id.* Joseph Sasser contacted defendant and told defendant that he did not have the money and did not know where his daughter was. *Id.* Thereafter, Joseph Sasser began receiving threatening text messages, including messages threatening the life of his wife Debra. *Id.* Cell phone records indicate that during this time frame defendant communicated with Strickland and Robinson regarding plans to set fire to a building. *Id.*

On October 30, 2015, Strickland set fire to Joseph Sasser's business (Las Vegas Kettle Corn & Special Events, LLC). *Id.* Robinson, acting on behalf of defendant, had paid Strickland to set fire to the building. *Id.* After the fire, defendant texted Strickland to make plans to burn down Joseph Sasser's other store. *Id.* Before these plans could materialize, law enforcement officers arrested defendant. *Id.*

## II. Discussion

### a. Motion to dismiss

Defendant argues that the court should dismiss the superseding indictment in the case, or alternatively should dismiss count one of the superseding indictment. (ECF No. 133). Defendant asserts that the charges in the superseding indictment are multiplicitous and violate the double jeopardy clause of the constitution. *Id.* Accordingly, defendant argues that the counts should merge for purposes of sentencing. *Id.* The government responds that the indictment and convictions do not violate the double jeopardy clause, as each count requires proof of a fact that the other count does not. (ECF No. 147).

The double jeopardy clause protects against a second prosecution for the same offense after acquittal; a second prosecution for the same offense after conviction; and multiple punishments for the same offense. *United States v. Halper*, 490 U.S. 435, 440, 109 S.Ct. 1892, 1897, 104 L.Ed.2d 487 (1989).

"An indictment is multiplicitous if it charges a single offense in several counts." *United States v. Rude*, 88 F.3d 1538, 1546 (9th Cir. 1996). To assess whether two statutory provisions penalize the same offense, the court must determine "whether each provision requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304 (9th Cir. 1932).

Here, the *Blockburger* test applies, as defendant was convicted under separate statutory provisions. *See United States v. Kimbrew*, 406 F.3d 1149, 1151-52 (9th Cir. 2005).

Count one charged defendant with conspiracy to commit arson, in violation of 18 U.S.C. §§ 844(i) and (n). In order to convict defendant, the government had to prove and the jury had to find the following elements of the offense beyond a reasonable doubt: (1) beginning on or about October 30, 2015, and ending on or about October 30, 2015, there was an agreement between two or more persons to commit the offense of arson; and (2) the defendant became a member of the conspiracy knowing of its object and intending to help accomplish it. (ECF No. 119 at 15) (Jury Instruction No. 14). The jury instruction in this case defined arson as the malicious damaging or destruction, by means of fire, of any building or other real or personal property. *Id.* at 16 (Jury Instruction No. 14).

Count two charged defendant with conspiracy to commit extortion by force or threat of injury, in violation of 18 U.S.C. § 1951. In order to convict defendant, the government had to prove and the jury had to find the following elements of the offense beyond a reasonable doubt: (1) beginning on or about October 4, 2015, and ending on or about January 27, 2016, there was an agreement between two or more persons to commit the offense of conspiracy to commit extortion by force or threat of injury; and (2) the defendant became a member of the conspiracy knowing of its object and intending to help accomplish it. (ECF No. 119 at 17) (Jury Instruction No. 15). The

**James C. Mahan**
**U.S. District Judge**

- 3 -

jury instructions in this case listed the following elements for the offense of "extortion by force or threat of injury:"[1]

> (1) the Defendant and his co-conspirators attempted to induce Joseph Sasser, Debra Sasser, or Nicomi Sasser to part with United States currency by the wrongful use of actual or threatened force, violence, or fear, to wit: by firing a firearm into the home of Joseph Sasser and Debra Sasser, or by setting fire to the business of Joseph Sasser -- Las Vegas Kettle Corn & Special Events, LLC, located at 110 N. Boulder Highway, Henderson, Nevada;
> (2) the Defendant and his co-conspirators acted with the intent to obtain United States currency;
> (3) commerce from one state to another was or would have been affected in some way; and
> (4) the Defendant and his co-conspirators did something that was a substantial step toward committing the crime.

(ECF No. 119 at 18) (Jury Instruction No. 15).

In this case, the charged crimes do not punish the same offense, but rather create separate offenses with separate punishments. The crimes of conspiracy to commit arson and conspiracy to commit extortion by force or threat of injury each require proof of a fact that the other crime does not.

In order to convict defendant of conspiracy to commit arson, the government had to prove there was a conspiracy to maliciously damage or destroy, by means of fire, a building or other real or personal property. *See* 18 U.S.C. § 844. This was not required in order to convict defendant of conspiracy to commit extortion. *See generally* 18 U.S.C. § 1951.

---

[1] The Ninth Circuit Model Criminal Jury Instructions provide the following elements for the offense of extortion or attempted extortion by force:

> First, the defendant [[induced] [intended to induce]] [*name of victim*] to part with property by the wrongful use of actual or threatened force, violence, or fear,
>
> Second, the defendant acted with the intent to obtain property;
>
> Third, commerce from one state to another [was] [would have been] affected in some way[.][; and]
>
> [Fourth, the defendant did something that was a substantial step toward committing the crime.
>
> Mere preparation is not a substantial step toward committing the crime. To constitute a substantial step, a defendant's act or actions must demonstrate that the crime will take place unless interrupted by independent circumstances.]

Ninth Cir. Model Criminal Jury Instruction 8.142.

- 4 -

In order to convict defendant of conspiracy to commit extortion, the government had to prove that the defendant and his co-conspirators attempted to induce victims to part with United States currency via wrongful use of actual or threatened force, violence or fear. *See* 18 U.S.C. § 1951. The government also had to prove that defendant and his co-conspirators acted with the intent to obtain United States currency. *See id.* Further, the government had to prove that commerce from one state to another was or would have been affected in some way. *See id.* Finally, the government had to prove that defendant and his co-conspirators took a substantial step towards commission of the crime. *See id.* The government would not be required to prove any of these elements to substantiate a conspiracy to commit arson charge. *See generally* 18 U.S.C. § 844.

As each count charged in the indictment contained an element that the other crime did not, a conviction on both counts does not violate the double jeopardy clause. *See Blockburger*, 284 U.S. at 304.

Further, contrary to defendant's insinuations in his briefing, the evidence in this case to support count two did not consist solely of the attempted arson. Rather, defendant and his co-conspirators shot at the home of Joseph and Debra Sasser in an attempt to obtain money from Nicomi Sasser. Further, the defendant and his co-conspirators sent letters and text messages to the victims that contained graphic language and threatened violence if Nicomi Sasser did not give defendant money. Therefore, defendant's argument that both counts are based on the same underlying conduct (causing a building to be set on fire) is a non-starter.

    b. *Motion for a new trial*

Defendant argues that he is entitled to a new trial pursuant to Federal Rule of Criminal Procedure 33, as he claims that his counsel was sleeping for portions of his trial and provided him ineffective assistance. (ECF No. 138). The government argues that defendant's allegations regarding ineffective assistance of counsel do not warrant the requested relief of a new trial pursuant to Rule 33. (ECF No. 150).

Federal Rule of Criminal Procedure 33 reads,

> (a) Defendant's Motion. Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires. If the case was tried without a jury, the court may take additional testimony and enter a new judgment.

**James C. Mahan**
**U.S. District Judge**

(b) Time to File.
> (1) Newly Discovered Evidence. Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty. If an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case.
> (2) Other Grounds. Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty.

"[The Ninth Circuit has] rejected the use of a Rule 33 motion for new trial based on 'newly discovered evidence' involving the ineffective assistance of counsel." *United States v. Allen*, 153 F.3d 1037, 1045 (9th Cir. 1998) (citing *United States v. Pirro*, 104 F.3d 297, 299 (9th Cir. 1997)). Ineffective assistance of counsel claims are best reviewed in collateral proceedings, as such claims often cannot be resolved absent the development of facts outside the original record. *United States v. Velte*, 331 F.3d 673, 681 (9th Cir. 2003) (citing *United States v. Hanoum*, 33 F.3d 1128, 1131 (9th Cir. 1994)).

The court will deny defendant's motion for a new trial. First, defendant's motion for new trial was brought four months after the jury returned a guilty verdict in the case. Therefore, defendant's motion falls outside the time to file for grounds other than newly discovered evidence. Second, defendant's attempt to use a Rule 33 motion for a new trial based on "newly discovered evidence" of ineffective assistance of counsel contravenes Ninth Circuit precedent. As the government correctly asserts in its response brief, a colorable ineffective assistance of counsel claim in this case would require significant additional factual development that is not contained in the trial record. As defendant presents no adequate ground for the court to grant a new trial pursuant to Rule 33, the court will deny defendant's motion.

**III. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion to dismiss (ECF No. 133) be, and the same hereby is, DENIED.

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 6 -

IT IS FURTHER ORDERED that defendant's motion for a new trial (ECF No. 138) be, and the same hereby is, DENIED.

DATED December 29, 2017.

_____
UNITED STATES DISTRICT JUDGE