UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff(s),<br><br>　　v.<br><br>JOEL KENNETH AUSBIE,<br><br>　　　　　　　Defendant(s). | Case No. 2:16-CR-155 JCM (CWH)<br><br>ORDER |

　　　　Presently before the court is petitioner Joel Kenneth Ausbie's motion to reconsider this court's order to stay briefing schedule. (ECF No. 260). The United States of America ("the government") filed a response, (ECF No. 262), to which petitioner replied, (ECF No. 264).

　　　　Also before the court is the government's motion for an order deeming the attorney-client privilege waived between petitioner and his trial counsel. (ECF No. 256). Petitioner responded, (ECF No. 261), to which the government replied (ECF No. 263).

　　　　In moving this court for reconsideration, petitioner offers no evidence of 1) "newly discovered evidence," 2) "clear error" or something "manifestly unjust" in the underlying order, or 3) "an intervening change in controlling law." LR 59-1(a). Petitioner instead restates his demand for an evidentiary hearing in a conclusory matter. (ECF No. 253). Again, the demand is premature. The existing stay is necessary, so that the parties may appropriately gather information and not waste this court's time. (ECF No. 258). Petitioner's motion for reconsideration is denied. (ECF No. 260).

　　　　In its motion, the government seeks a waiver of the attorney-client privilege between petitioner and his trial counsel. (ECF No. 256). It is well established that a habeas petitioner severs the attorney-client privilege when the petitioner files a § 2255 petition asserting ineffective

**James C. Mahan**
**U.S. District Judge**

assistance of counsel. *Bittaker v. Woodford,* 331 F.3d 715, 716–17 (9th Cir. 2003) ("It has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer."). Petitioner files no meaningful response, but again demands an evidentiary hearing. (ECF No. 262). This court grants the government's motion and deems the attorney client privilege waived between petitioner Joel Ausbie and his trial counsel Stephen Stein.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that petitioner Joel Kenneth Ausbie's motion to reconsider (ECF No. 260) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that the government's motion to waive attorney-client privilege (ECF No. 256) be, and the same hereby is, GRANTED.

DATED July 27, 2020.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 2 -